



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 5, 1939

Honorable Lee Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. O-675
Re: Does the Legislature have the
authority by a special law to
change the boundaries of a
common school district?"

This Department is in receipt of your letter of April
22, 1939, in which you request the opinion of this Department
upon the following question:

"Does the Legislature have the authority,
by a special law, to change the boundaries of
a common school district?"

Article 3, Section 56 of the Texas Constitution pro-
vides in part as follows:

"The legislature shall not, except as
otherwise provided in this Constitution,
pass any local or special law, authorizing:
"Regulating the affairs of * * *
school districts;
"Creating offices, or prescribing the
powers and duties of officers in * * *
school districts;
"Regulating the management of public
schools, the building or reparing of
school houses, and the raising of money for
such purposes;
"And in all other cases where a general
law can be made applicable, no local or
special law shall be enacted; * * *"

Prior to 1927, Section 3, Article 7, of the State Constitution contained the following language:

"And the legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation."

This section of the Constitution was re-adopted effective January 20, 1927, and the above provisions was changed to read as follows:

"And the legislature may also provide for the formation of school districts by general laws."

After this Constitutional provisions was changed the 43d Legislature in 1933 passed a special act, providing for the formation of a county-wide common school district in Kinney County on a majority vote of the qualified voters of said county, abolishing existing school districts and providing for the operation of said district. In Fritter v. West (T.C.A. 1933) 65 S.W. (2) 414, this special act was held unconstitutional, the Court stating:

"It is clear that, by eliminating from the Constitution the provision that school districts could be formed by special law, it was intended that such district be created by general laws.
"Furthermore, the constitution now provides a specific manner in which school districts may be formed, that is, by general law. This would exclude the formation of school districts in any other manner than that expressly provided for in the constitution. * * *"

"S. B. No. 542, being a special law and repugnant to section 3 Article 7 and Section 56 of Article 3, of our State Constitution, is unconstituional and void."

In Brownfield v. Tongate, (T.C. A. 1937) 109 S.W. (2) 352, the 44th Legislature had passed a bill validating the action of the County Board of School Trustees in Terry County



in detaching thirteen sections from theRed Onion Common School District and attaching it to the Union Independent School District in Terry County under and by virtue of Article 2742f or Article 2742m. In holding such act to be unconstitutional the court stated:

"Since under its provision this act applies to Dimmitt and Terry Counties only and could never have affected any others, we conclude Senate Bill No. 19 was a local law. The Legislature is permitted to provide for the formation of school districts by general laws only, constitution Article 7 Section 3, and not by special laws, hence we are of the opinion that the legislature was without authority to validate the order of the School Board of Terry County by such special act. Fritter, County Judge, et al, v. West (Civ. App.) 65 S.W. (2d) 414."

We are of the opinion that when Article 3 Section 56, and Article 7 Section 3 of the Texas Constitution are construed together, the Legislature is without authority to change the boundaries of a common school district by special or local law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (signed) Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC-MR

APPROVED:
(signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS